1

2

3

4

5

6                                UNITED STATES DISTRICT COURT

7                                    DISTRICT OF NEVADA

8                                            * * *

9    CORNELIUS BROWN,                           Case No. 2:12-cv-00922-MMD-GWF

10                         Petitioner,                          ORDER

11        v.

12   DWIGHT NEVEN,

13                         Respondents.

14

15          This habeas action comes before the Court for initial review of the petition

16   pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  The filing fee has been

17   paid.

18          Petitioner Cornelius Brown seeks to set aside his 2009 Nevada state conviction,

19   pursuant to a jury verdict, of three counts of lewdness with a minor under the age of 14

20   and five counts of sexual assault of a minor under the age of 14.

21          On initial review, the petition is subject to multiple deficiencies.

22          First, the petition fails to state a claim upon which relief may be granted.

23          Habeas pleading is not notice pleading, and a habeas petitioner must state the

24   specific facts that allegedly entitle him to habeas relief.  *See Mayle v. Felix*, 545 U.S.

25   644, 655-56 (2005).   Even under the more liberal notice pleading standard applicable to

26   general civil actions, conclusory assertions that constitute merely formulaic recitations of

27   the elements of a cause of action and that are devoid of further factual enhancement do

28   not state a claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686 (2009).

1    Accordingly, even under the more liberal notice pleading rules, the allegations of a

2    pleading must "permit the court to infer more than the mere possibility" that a

3    constitutional violation has occurred. 556 U.S. at 679.   The stricter habeas pleading

4    rules similarly require more than "mere conclusions of law, unsupported by any facts."

5    *Mayle*, 545 U.S. at 655.   A habeas petitioner instead must "state facts that point to a

6    real possibility of constitutional error." *Id.*

7    In the present case, petitioner presents what appear to be up to fifteen different

8    claims in three grounds.  All of the claims are set forth in a conclusory fashion that fail to

9    state a claim upon which relief may be granted under the foregoing standards.   For

10    example, the bare allegation within Ground 1 that "the district court err [sic] in denying

11    the motion to continue the trial" presents only a mere conclusion of law, unsupported by

12    any facts.   Similarly, the conclusory allegation in Ground 1 that the African-American

13    petitioner was deprived of a jury of his peers because his jury "was [a] predominately

14    white Jim Crow south[1] lynch mob" fails to state a claim.   A bare allegation that an

15    African-American defendant was tried before a mostly white jury, without more, does not

16    state a viable constitutional claim.   In this same vein, petitioner's allegation in Ground 3

17    that "these fact Louisiana[2] lynch mobs [are] adjudicating black men without due process

18    of law . . . and the equal protection of law" does not state a claim.

19    All of the up to fifteen different claims in the petition are subject to this same

20    deficiency, presenting only conclusory allegations that fail to state a claim upon which

21    relief may be granted.   The allegations presented fail to set forth any specific factual

22    allegations that would point to a real possibility of constitutional error and thus fail to

23    state specific facts that allegedly would entitle petitioner to habeas relief.   Petitioner

24    must allege specific allegations of actual fact, not mere conclusions of law.

25    Second, petitioner did not follow the instructions for the petition form regarding

26    the presentation of multiple claims.

27    [1]Petitioner was tried in Las Vegas, Nevada.

28    [2]See note 1.

1      Petition Form Instruction No. (C)(6) states, with the following emphasis: "YOU
2 MAY ALLEGE THE VIOLATION OF ONLY ONE CONSTITUTIONAL RIGHT PER
3 GROUND." Petitioner therefore may not combine multiple constitutional claims in a
4 single ground.  In the present petition, Brown asserts up to eight different constitutional
5 claims in Ground 1, three different claims in Ground 2, and four different claims in
6 Ground 3.  Petitioner instead must allege only one constitutional violation per ground.
7 In order to add grounds after Ground 3 in the petition form, petitioner must strike out the
8 ground number on an extra copy of the pages from the petition form, then write in the
9 particular ground number needed, e.g., Ground 4, and then insert the completed pages
10 along with the other grounds in the petition.

11      Third, petitioner did not comply with the following instruction on the first page of
12 the petition form: "Attach to this petition a copy of all state court written decisions
13 regarding this conviction." Petitioner did not attach any such decisions with the petition,
14 although he pursued a direct appeal and a state post-conviction petition.

15      The petition accordingly will be dismissed without prejudice for failure to state a
16 claim upon which relief may be granted, with an opportunity to amend and correct the
17 deficiencies identified in this order.

18      IT IS THEREFORE ORDERED that the petition is DISMISSED without prejudice
19 for failure to state a claim upon which relief may be granted, subject to leave to amend
20 within thirty (30) days of entry of this order to correct the deficiencies in the petition, if
21 possible.

22      IT IS FURTHER ORDERED that petitioner shall clearly title any amended petition
23 filed in response to this order as an amended petition by placing the word "AMENDED"
24 immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and
25 shall place the docket number, 2:12-cv-00922-MMD-GWF, above the word
26 "AMENDED."  Under Local Rule LR 15-1, the amended petition must be complete in
27 itself without reference to previously filed papers.  Thus, the claims and allegations that
28 are stated in the amended petition will be the only matters remaining before the Court.

1   Any claims or allegations that are left out of the amended petition or that are not re-

2   alleged therein no longer will be before the Court.

3        IT IS FURTHER ORDERED that petitioner shall present only one constitutional

4   claim per ground.  If  petitioner again combines multiple constitutional claims in a single

5   ground, all constitutional claims after the first claim alleged in the ground will be stricken

6   for failure to follow the petition instructions and the order of this Court.

7        IT IS FURTHER ORDERED that petitioner shall attach with the amended petition

8   copies of all state court written decisions regarding the conviction, including copies of

9   the state supreme court's decision on direct appeal; the findings, conclusions and order

10   of the state district court on state post-conviction review; and the state supreme court's

11   decision on the post-conviction appeal.

12        If plaintiff does not timely mail an amended petition to the Clerk for filing, a final

13   judgment dismissing this action will be entered without further advance notice.  If the

14   amended petition does not correct the deficiencies identified in this order and otherwise

15   does not state a claim upon which relief may be granted, a final judgment dismissing

16   this action will be entered.

17        The Clerk of Court shall send petitioner five copies of a noncapital § 2254 petition

18   form together with one copy of the instructions for same along with a copy of the petition

19   that he submitted.

20

21        DATED THIS 10th day of April 2013.

22

23        MIRANDA M. DU
     UNITED STATES DISTRICT JUDGE

24

25

26

27

28