UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CORNELIUS BROWN, | Case No. 2:12-cv-00922-APG-GWF |
| *Petitioner*, | |
| vs. | **ORDER** |
| DWIGHT NEVEN, *et al.*, | |
| *Respondents.* | |

This habeas action comes before the Court for initial review of the amended petition (Dkt. #4) pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner Cornelius Brown seeks to set aside his 2009 Nevada state conviction, pursuant to a jury verdict, of three counts of lewdness with a minor under the age of 14 and five counts of sexual assault of a minor under the age of 14.

The Court's prior screening order (Dkt. #2) was abundantly clear on, *inter alia*, two fundamental points.

First, the Court clearly informed plaintiff that the allegations of the original petition failed to state a claim upon which relief may be granted and that he instead must allege specific facts tending to establish a claim of constitutional error:

> Habeas pleading is not notice pleading, and a habeas petitioner must state the specific facts that allegedly entitle him to habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). Even under the more liberal notice pleading standard applicable to general civil actions, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual

> enhancement do not state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686 (2009). Accordingly, even under the more liberal notice pleading rules, the allegations of a pleading must "permit the court to infer more than the mere possibility" that a constitutional violation has occurred. 556 U.S. at 679. The stricter habeas pleading rules similarly require more than "mere conclusions of law, unsupported by any facts." *Mayle*, 545 U.S. at 655. A habeas petitioner instead must "state facts that point to a real possibility of constitutional error." *Id.*
>
> In the present case, petitioner presents what appear to be up to fifteen different claims in three grounds. All of the claims are set forth in a conclusory fashion that fails to state a claim upon which relief may be granted under the foregoing standards. For example, the bare allegation within Ground 1 that "the district court err [sic] in denying the motion to continue the trial" presents only a mere conclusion of law, unsupported by any facts. Similarly, the conclusory allegation in Ground 1 that the African-American petitioner was deprived of a jury of his peers because his jury "was [a] predominately white Jim Crow south[FN1] lynch mob" fails to state a claim. A bare allegation that an African-American defendant was tried before a mostly white jury, without more, does not state a viable constitutional claim. In this same vein, petitioner's allegation in Ground 3 that "these fact Louisiana[FN2] lynch mobs [are] adjudicating black men without due process of law . . . and the equal protection of law" does not state a claim.
>
> > [FN1] Petitioner was tried in Las Vegas, Nevada.
> >
> > [FN2] See note 1.
>
> All of the up to fifteen different claims in the petition are subject to this same deficiency, presenting only conclusory allegations that fail to state a claim upon which relief may be granted. The allegations presented fail to set forth any specific factual allegations that would point to a real possibility of constitutional error and thus fail to state specific facts that allegedly would entitle petitioner to habeas relief. Petitioner must allege specific allegations of actual fact, not mere conclusions of law.

Dkt. #2, at 1-2.

Second, the Court clearly informed petitioner that, under the instructions for the Court's required petition form, petitioner could present only one constitutional violation per ground:

> . . . [P]etitioner did not follow the instructions for the petition form regarding the presentation of multiple claims.
>
> Petition Form Instruction No. (C)(6) states, with the following emphasis: "YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CONSTITUTIONAL RIGHT PER GROUND." Petitioner therefore may not combine multiple constitutional claims in a single ground. In the present petition, Brown asserts up to eight different constitutional claims in Ground 1, three different claims in Ground 2, and four different claims in Ground 3. Petitioner instead must allege only one

> constitutional violation per ground. In order to add grounds after Ground 3 in the petition form, petitioner must strike out the ground number on an extra copy of the pages from the petition form, then write in the particular ground number needed, e.g., Ground 4, and then insert the completed pages along with the other grounds in the petition.
>
> . . . . .
>
> IT IS . . . ORDERED that petitioner shall present only one constitutional claim per ground. *If petitioner again combines multiple constitutional claims in a single ground, all constitutional claims after the first claim alleged in the ground will be stricken for failure to follow the petition instructions and the order of this Court.*

Dkt. #3, at 2-3 & 4.

Turning to a review of the amended petition, the Court finds that Ground 1 in part states a claim with regard to the denial of petitioner's motions for a continuance. Specifically, Ground 1 states a claim that Brown was denied rights to due process of law, to a fair trial and to present a defense under the Fifth Amendment when the state district court denied: (a) a motion or motions for a continuance to obtain school records for the victim's brother and MySpace records of the victim as well as to have time to speak to witnesses; and (b) a mid-trial motion for a continuance to obtain a defense DNA expert in order to cross-examine the State's DNA expert.

However, Ground 1 further seeks to assert additional constitutional violations in violation of the instructions for the petition form and the Court's prior clear order. On electronic docketing page 5 in the amended petition, petitioner includes a page of allegations under the heading "Stating Additional Grounds for Relief." That page includes conclusory allegations that: (a) petitioner was subjected "to one of the harshest penalties at law;" (b) "there are a lot of legal issues here in regards to defendant's rights, rules of discovery;" and (c) "there is some question whether the prosecution's failure to disclose Brady material is a state created impediment under § 2244(d)(1)(B)[1] or allows 'the knew or should have known' the use of perjured testimony the prosecutor knows to be false."

These conclusory allegations both violate the instructions and the prior order and further in any event fail to state a claim upon which relief may be granted.

All claims in Ground 1 except the claim identified first above will be dismissed.

---

[1] No federal limitation period issue has been raised herein to date.

-3-

Ground 2 in its entirety fails to state a claim for relief and/or fails to comply with the petition instructions and the prior order.

The first page of Ground 2 contains nothing but conclusory formulaic allegations of a violation of due process that do not state a claim upon which relief may be granted.

At the bottom of that first page, petitioner – despite the clear directive in the prior order – states: "In addition, I raise these grounds for . . . relief . . . ." The next page then seeks to set forth multiple claims under the heading: "Prosecutorial Misconduct and D.N.A. Circumstantial Evidence Contamination."

Petitioner alleges that "first and foremost," he filed a civil rights complaint against the prosecutor seeking to have him held accountable for his alleged error in judgment in slandering the victim by calling her a "whore" behind her back on May 8, 2009. Petitioner includes a partial transcript page from a pretrial proceeding where the prosecutor stated that Brown had "included that in one of his motions where he tried to, basically, state that the twelve-year-old girl was some type of sexual girl, some type of whore or whatever that portrayed herself as being twenty-eight years old and looking for men." He includes another partial transcript page from a later discussion where Brown stated to the prosecutor: "You called the girl a whore, man, I'm telling you." The prosecutor explained that he had been referring to what Brown was arguing in his motions.

There is no remotely conceivable viable due process claim based upon the foregoing circumstances. First, the initial statement was not made before the jury during trial, and it appears quite likely that the second exchange – where it in any event is Brown himself that is referring to the prior statement – also was outside the presence of the jury. Even if the Court were to undertake a highly dubious *arguendo* assumption that either statement was made before the jury, there is no conceivable possibility that a prosecutor's reference to the victim as a "whore" would prejudice a defendant on trial for lewdness with a minor under the age of 14 and sexual assault of a minor under the age of 14. Petitioner's purported concerns about the victim being slandered and/or the prosecutor committing an error in judgment – concerns that have no basis in reality on the nonconclusory allegations made – have nothing whatsoever to do with the validity of his conviction on those charges. Ground 2 therefore fails to state a claim for relief in this regard.

Petitioner's attempt to present yet further claims thereafter within Ground 2 violates the petition form instructions and the Court's prior order. The conclusory allegations in any event fail to state a claim upon which relief may be granted. Petitioner alleges that "the so-called medical examiner in Las Vegas mishandled or overlooked D.N.A. evidence of the technician's errors requiring reassessment of a bungled chemical analysis that I have been seeking to suppress flawed forensic work." Such a wide-ranging but in truth conclusory allegation fails to set forth specific allegations of actual fact that would point to a real possibility of constitutional error. Petitioner further alleges that "as a black male defendant I strongly recommended that forensic scientific facilities in Las Vegas personnal [sic] not be an integral part of or be controlled by local or state prosecutorial officials." A bare allegation that forensic analysis was conducted by law enforcement personnel in Las Vegas in a case where the defendant was black does not state a claim upon which relief may be granted.

Ground 2 therefore will be dismissed in its entirety.

In Ground 3, Brown returns to his diatribe from the original petition about "Jim Crow laws of South lynching mobs" under the rubric of an equal protection claim under the Fourteenth Amendment. A bare claim that petitioner could not be tried fairly because he was black fails to state a claim for relief. To the extent that petitioner seeks to present additional constitutional claims in Ground 3, he once again violates the petition form instructions and the Court's prior order. The remaining allegations in any event fail to state a claim upon which relief may be granted. Petitioner's bare reference to "representation without apported [sic] appellant atty of counsel" fails to state a claim for relief.[2] Petitioner's allegation that he did not receive an evidentiary hearing on his state petition fails to state a cognizable habeas claim. A federal court has habeas jurisdiction to consider a collateral challenge to a state court judgment of conviction, not to other state court orders and judgments. *See,e.g., Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). While alleged errors in state post-conviction proceedings perhaps may have a bearing on other issues, they do not present independently cognizable claims.

---

[2] Petitioner moved to dismiss his counsel and represent himself, but he later claimed on direct appeal that the district court had erred in granting his motion after a *Faretta* canvass. See February 3, 2011, Order of Affirmance in Supreme Court of Nevada Docket No. 53891, at 4-5.

1    Ground 3 therefore will be dismissed in its entirety.

2    The Court finds that allowance of a further opportunity to amend would be futile. Petitioner
3 has been clearly informed as to the requirements for properly presenting claims with sufficient
4 specificity; and he in the main has ignored those instructions. The directive that leave to amend should
5 be freely given when justice so requires does not apply where the court already has allowed amendment
6 of the pleadings. *See, e.g., Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)(where
7 the party previously has filed an amended pleading, the district court's discretion to deny further leave
8 to amend is particularly broad); *see also Davis v. Navorro*, 2010 WL 2464905 (9th Cir. June 17,
9 2010)(unpublished; application to *pro se* inmate litigant). There is no substantial, realistic probability
10 that petitioner instead will pay heed to, *inter alia*, the Court's orders on a second amendment
11 opportunity. Further proceedings herein prior to service for a response on the one claim that states a
12 claim for relief would not be a prudent application of limited judicial resources.[3]

13    IT THEREFORE IS ORDERED that all claims in the petition, as amended, are DISMISSED
14 **except** for the claim in amended Ground 1 that petitioner was denied rights to due process of law, to
15 a fair trial and to present a defense under the Fifth Amendment when the trial court denied: (a) a motion
16 or motions for a continuance to obtain school records for the victim's brother and MySpace records of
17 the victim as well as to have time to speak to witnesses; and (b) a mid-trial motion for a continuance
18 to obtain a defense DNA expert in order to cross-examine the State's DNA expert.

---

[3]The Court notes in passing that the vast majority of the claims dismissed by this order would appear to be subject as well to likely viable procedural defenses including exhaustion or procedural default. Petitioner disregarded also this Court's order that he attach copies of the written state court decisions regarding his conviction with the amended petition. The Court nonetheless has reviewed the online docket records of the Supreme Court of Nevada on direct appeal under that court's No. 53891 and on the state post-conviction appeal in No. 59376. The claim remaining in Ground 1 in the amended federal petition appears to have been exhausted at least in substantial part on direct appeal. With one perhaps arguable exception, the remainder of the claims in the amended petition – which are substantive claims rather than claims of ineffective assistance of trial or appellate counsel – appear to be either unexhausted or procedurally defaulted. The one perhaps arguable exception is petitioner's conclusory reference to "representation without aported [sic] appellant atty of counsel" in Ground 3. As the Court noted in the discussion of Ground 3, petitioner moved to dismiss his counsel and represent himself, but he later claimed on direct appeal that the district court had erred in granting his motion after a *Faretta* canvass. The Court finds that allowance of a further opportunity to amend, including as to such a nascent stub of a claim, would be futile for the reason stated in the text. *See also United States v. Hernandez*, 203 F.3d 614, 623 n.12 (9th Cir. 2000), *abrogated in part by Indiana v. Edwards*, 554 U.S. 164 (2008)(neither a defendant's lack of technical legal competence nor the inability to put on an effective defense constitutes a legitimate ground for denying the right of self-representation).

**IT FURTHER IS ORDERED** that the Clerk of Court shall informally electronically SERVE the state attorney general and that respondents shall have **sixty (60) days** from entry of this order within which to respond to the sole remaining ground in the petition, as amended, that is identified in the prior paragraph. **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter and which are entered pursuant to Habeas Rule 4.**

**IT FURTHER IS ORDERED** that – for this case – respondents **shall** combine **all** of their defenses – both procedural defenses and on the merits – to the sole claim remaining in a single consolidated answer. Any defenses that are not raised in the initial response will be waived.

**IT FURTHER IS ORDERED** that, in the response on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials regarding the claim within the response.

**IT FURTHER IS ORDERED** that, with their response, respondents shall file and serve a single set of state record exhibits relevant to the response, in substantially chronological order and indexed as discussed below.

**IT FURTHER IS ORDERED** that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ## 25-71. The purpose of this provision is so that the court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which exhibits are filed in which attachments.

**IT FURTHER IS ORDERED** that counsel additionally shall send a hard copy of all exhibits filed to, for this case, the **Reno Clerk's Office**.

**IT FURTHER IS ORDERED** that petitioner shall have **thirty (30) days** from service of the answer to file a reply.

/ / / /

/ / / /

/ / / /

| | |
|---|---|
| 1 | |
| 2 | The Clerk shall SEND petitioner a copy of Dkt. #4 with this order.  The Clerk further shall |
| 3 | regenerate notices of electronic filing of all prior filings herein to the state attorney general. |
| 4 | Dated: April 28, 2014. |

_____
ANDREW P. GORDON
United States District Judge