UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CORNELIUS BROWN, | ) | |
| Petitioner, | ) | 2:12-cv-00922-APG-GWF |
| vs. | ) | ORDER |
| DWIGHT NEVEN, et al., | ) | |
| Respondents. | ) | |

Before the court for a decision on the merits is an application for a writ of habeas corpus filed by Cornelius Brown, a Nevada prisoner. ECF No. 4.

I. PROCEDURAL HISTORY[1]

On August 19, 2008, Brown was charged by way of information with eight counts of lewdness with a child under the age of 14 and five counts of sexual assault with a minor under the age of 14.

---

[1] Except where indicated, this procedural history is derived from the exhibits filed under ECF Nos. 9 through 13.

In February of 2009, Brown moved to dismiss appointed counsel, Jeannie Hua. In March of 2009, the state district court conducted a canvass pursuant to *Faretta v. California*, 422 U.S. 806 (1975), and granted the motion. Hua was appointed standby counsel.

On May 13, 2009, at the conclusion of a three-day trial, a jury in the state district court for Clark County, Nevada, found Brown guilty of all charges alleged in the information. The State filed a notice to seek habitual criminal treatment based on four prior felony convictions.

The state district court held a sentencing hearing on August 26, 2009, at which the State moved to dismiss five counts of lewdness with a child under the age of 14. The court declined to adjudicate Brown a habitual criminal. On September 3, 2009, a judgment was entered convicting Brown of three counts of lewdness with a child under the age of 14 and five counts of sexual assault with a minor under the age of 14. He was sentenced to eight life terms with the possibility of parole; all but one of them were ordered to run concurrently.

Brown filed a timely notice of appeal. The Nevada Supreme Court affirmed his convictions and sentence on February 3, 2011.

On June 3, 2011, Brown filed, pro se, a petition for writ of habeas corpus in the state district court. The state district court denied the petition. On April 11, 2012, the Nevada Supreme Court affirmed that decision.

On May 30, 2012, this court received the federal petition for writ of habeas corpus that initiated this action. ECF No. 1. The court concluded that the petition was deficient and ordered Brown to file an amended petition. ECF No. 2. On May 1, 2013, he filed the amended petition that is now before the court for decision.

On April 28, 2014, the court concluded that the petition contained only one cognizable claim, which alleges as follows:

> [P]etitioner was denied rights to due process of law, to a fair trial and to present a defense under the Fifth Amendment when the trial court denied: (a) a motion or motions for a continuance to obtain school records for the victim's brother and

MySpace records of the victim as well as to have time to speak to witnesses; and (b) a mid-trial motion for a continuance to obtain a defense DNA expert in order to cross-examine the State's DNA expert.

ECF No. 5, p. 6.

The respondents have filed their answer to that claim.  ECF No. 8.

## II. STANDARDS OF REVIEW

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2254(d) sets forth the standard of review under AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  "[A] federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for

3

evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 131 S.Ct.1388, 1398 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

The state court's factual findings are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 131 S.Ct. at 1398. In *Pinholster*, the Court reasoned that the "backward-looking language" present in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made," and, therefore, the record under review must be "limited to the record in existence at that same time, i.e., the record before the state court." *Id.*

III. DISCUSSION

Brown alleges a violation of his constitutional rights due to the trial court's failure to grant him a continuance to obtain certain records – i.e., school records of the victim's brother and records of the victim's MySpace account. He claims that the records were necessary to establish his defense and could have been used to impeach the victim and her brother. He also alleges a violation of his constitutional rights arising from the trial court's refusal to grant him a continuance to obtain a DNA expert to assist in the cross-examination of the State's DNA expert.

In *Ungar v. Sarafite*, 376 U.S. 575 (1964), the United Supreme Court held as follows:

> The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. *Avery v. Alabama*, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. *Chandler v. Fretag*, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. *Nilva v. United States*, 352 U.S. 385, 77 S.Ct. 431, 1 L.Ed.2d 415; *Torres v. United States*, 270 F.2d 252 (C.A.9th Cir.); *cf. United States v. Arlen*, 252 F.2d 491 (C.A.2d Cir.).

*Ungar*, 376 U.S. at 589-90.

Brown presented the claim now before this court to the Nevada Supreme Court. ECF No. 12-13, p. 10-12. The Nevada Supreme Court adjudicated the claim as follows:

> Brown argues that he was unable to adequately prepare for trial because he did not receive the victim's school and MySpace records in advance and he did not have a DNA expert prepared to testify. Thus, he argues, the district court erred in denying his motions for continuances. We review a district court's decision to deny a motion for continuance for an abuse of discretion. *Higgs v. State*, 126 Nev. ___, ___, 222 P.3d 648, 653 (2010). A request for a continuance is evaluated under the circumstances of each case; however, if the continuance was denied, the appellant must demonstrate that he or she was prejudiced by the district court's decision. *Id.* (citing *Rose v. State*, 123 Nev. 194, 206, 163 P.3d 408, 416 (2007). Because Brown has failed to demonstrate prejudice, we conclude that the district court did not abuse its discretion in denying his motions for continuance.
>
> School and MySpace records
>
> At a pretrial hearing, Brown complained that he did not receive the victim's school and MySpace records from his investigator and moved for a continuance. The State objected to the motion, asserting that the records were irrelevant and inadmissible character evidence that would not be able to be used to attack the victim's credibility. Despite the objection, the State offered to obtain the school records in order to avoid any delays, and Brown indicated that he would be prepared to proceed when he received the records. After the school records were provided, the district court reviewed the records with the parties and determined that nothing within the documents challenged the victim's credibility. Because the school records were irrelevant and inadmissible to impeach the victim's credibility, we conclude that Brown was not prejudiced by the district court's denial of his motion for continuance.
>
> Additionally, Brown has failed to demonstrate prejudice from not receiving information regarding the victim's MySpace page. Brown had adequate familiarity

5

> with the contents of the MySpace page to effectively cross-examine the victim regarding inaccurate reflections of her age on her MySpace page. Therefore, we conclude that the district court did not abuse its discretion when it denied Brown's motion for a continuance.
>
> DNA expert
>
> During trial, Brown again moved for a continuance in order to obtain a DNA expert, which the district court denied. Brown argues that he was unprepared and prejudiced by the district court's denial of a continuance in order to obtain a DNA expert witness to counter the State's evidence at trial. We disagree.
>
> Brown was notified of the State's intent to present DNA evidence nearly four months prior to trial and had been repeatedly apprised by the court that he would be held to the same standards for preparation and execution of court proceedings as an attorney. Additionally, while entertaining Brown's motion for a continuance, the district court clarified that the basis for Brown's challenge to the DNA evidence was not that the DNA testing was inaccurate but, rather, that someone else intentionally deposited his DNA on the victim's clothing.
>
> Brown offers no reason for why he failed to obtain a DNA expert prior to trial, despite having been put on notice months earlier that the State intended to introduce DNA evidence. A district court's denial of a motion for continuance is not an abuse of discretion if the delay is the defendant's fault. *See Rose*, 123 Nev. at 206, 163 P.3d at 416. Moreover, because Brown's challenge to the DNA evidence did not invoke the accuracy of the DNA testing, additional expert testimony would have been inconsequential. Thus, Brown has failed to demonstrate that any prejudice resulted from the district court's denial of his motion for continuance.

ECF No. 13-1, p. 2-4.

Although the Nevada Supreme Court did not cite specifically to federal law, the standards the court imposed were not "contrary to" *Ungar* or any other clearly established Supreme Court law for the purposes § 2254(d)(1). *See Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam) (holding that state court is not required to cite Supreme Court cases, or even be aware of them, to avoid its decision being "contrary to" Supreme Court precedent).

In addition, the court's decision was not an unreasonable application of the applicable federal standards or based on an unreasonable determination of the facts. The state supreme court's findings are consistent with, and supported by, the record before this court. ECF Nos. 9-13. The state supreme court did not specifically address the school records of the victim's brother, however, when

Brown asked the trial court for a continuance to obtain school records, he mentioned only the victim's records. ECF No. 10-16.  On the first day of trial there was some discussion of Brown wanting the brother's records, but at the conclusion of that discussion he indicated that he was ready to proceed with trial. ECF No. 10-18, p. 12-24.  Brown has not specified how the records would have assisted either his defense or his cross-examination of the brother's testimony.

Because Brown has failed to show that the Nevada Supreme Court's decision denying his habeas claim is not entitled deference under § 2254(d), the claim must be denied.

## IV.  CONCLUSION

For the reasons set forth above, Brown's petition for habeas relief is denied.

*Certificate of Appealability*

This is a final order adverse to the petitioner.  As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."  With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations and rulings in adjudicating Brown's petition, the court declines to issue a certificate of appealability for its resolution of any procedural issues or any of Brown's habeas claims.

1  **IT IS THEREFORE ORDERED** that petitioner's amended petition for writ of habeas
2  corpus (ECF No. 4) is DENIED. The Clerk shall enter judgment accordingly.
3  **IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.
4  Dated this __31st__ day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE